IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GORDON CANTRELL,

    Plaintiff,                               No. CIV S-10-2725 MCE EFB PS

    vs.

MARY LATTIMORE AND              ORDER
ASSOCIATES, et al.,

    Defendants.
                                 /

Plaintiff has requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*, and has submitted an affidavit purporting to demonstrate that he is unable to prepay fees and costs or give security for them. Dckt. No. 2. Plaintiff states in the application and in his affidavit that he is not currently employed and that his only income over the past twelve months has been from "disability or workers compensation payments." *Id.* However, the affidavit also lists the following as assets plaintiff owns: "U.S.C. # 2851963 - Action for Recovery of Stolen Accounts, 'VRIT DGC' Stock Annuity 6800 [Shares]; $14.00 per [share] - SEC - Response F.T.A.; Bank Account 876,000 at Bank of America Pasadena, Cal... 'Boney Dept'; Coast Disposal Co. - & - Real Estate Ordinance #84-06 - RCW #83-110. Stolen Property vs. U.S.C. #R81821-P - RCW #84.04.150; Sale of Assets Prohibited - Golden-Master Copy Access - Sale - License - Record." *Id.* It is unclear what any of this information means or what assets plaintiff

1

contends he owns. Therefore, the affidavit is insufficient to evaluate whether plaintiff can pay or give security for court costs and still be able to provide himself and his dependents with the necessities of life. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed *in forma pauperis*, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant. . . . If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").

Accordingly, plaintiff is directed to file, within fourteen days of this order, a further affidavit clarifying what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns. The court will then resume consideration of plaintiff's application to proceed *in forma pauperis*.[1]

SO ORDERED.

DATED:  November 9, 2010.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Further, it is unclear from plaintiff's complaint what relief plaintiff seeks or whether plaintiff is alleging a cognizable claim. In fact, plaintiff's complaint is incomprehensible. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Nonetheless, the court defers ruling on these issues until after plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(a) is determined.