IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GORDON CANTRELL,

    Plaintiff,      No. CIV S-10-2725 MCE EFB PS

vs.

MARY LATTIMORE AND   ORDER
ASSOCIATES, et al.,

    Defendants.
_____/

  On October 7, 2010, plaintiff filed a complaint herein and requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. Dckt. No. 2. Although he submitted an affidavit purporting to demonstrate that he is unable to prepay fees and costs, because the affidavit lists a variety of assets that plaintiff owns, the affidavit is insufficient to evaluate whether plaintiff can pay or give security for court costs and still be able to provide himself and his dependents with the necessities of life. *See Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("in ruling on motions to proceed *in forma pauperis*, . . . courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant. . . . If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the

1

courts.").

Therefore, on November 9, 2010, the undersigned issued an order directing plaintiff to file, within fourteen days, a further affidavit clarifying what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns. Dckt. No. 3. The November 9 order indicated that once plaintiff filed the further affidavit, the court would resume consideration of plaintiff's application to proceed *in forma pauperis*.[1]

On November 22, 2010, plaintiff filed what appears to be an amended complaint in this action. Dckt. No. 4. However, he did not provide the information required by the November 9 order. Therefore, plaintiff will once again be ordered to provide that information.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall file, within fourteen days of the date of this order, a further affidavit clarifying what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns so that the court can determine whether plaintiff can pay or give security for court costs and still be able to provide himself and his dependents with the necessities of life.

2. If plaintiff fails to comply with this order and provide the necessary information, the undersigned will recommend that plaintiff's application to proceed *in forma pauperis* be denied, and that plaintiff be given thirty days in which to pay the filing fee of $350.00.

DATED: December 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court did note, however, that it is unclear from plaintiff's complaint what relief plaintiff seeks or whether plaintiff is alleging a cognizable claim. In fact, plaintiff's complaint is incomprehensible. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. Nonetheless, the court deferred ruling on these issues until after plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(a) is determined.