1

2

3

4

5

6

7

8                              IN THE UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID GORDON CANTRELL,

11              Plaintiff,                        No. CIV S-10-2725 MCE EFB PS

12        vs.

13   MARY LATTIMORE AND              ORDER
     ASSOCIATES, et al.,
14
                Defendants.
15   _____/

16        On October 7, 2010, plaintiff filed a complaint herein and requested authority under 28

17   U.S.C. § 1915 to proceed *in forma pauperis*.  Dckt. No. 2.  Although he submitted an affidavit

18   purporting to demonstrate that he is unable to prepay fees and costs, because the affidavit listed a

19   variety of assets that plaintiff owns, on November 9, 2010, the undersigned issued an order

20   informing plaintiff that the affidavit was insufficient to evaluate whether plaintiff can pay or

21   give security for court costs and still be able to provide himself and his dependents with the

22   necessities of life, and directed plaintiff to file a further affidavit clarifying what, if any, "real

23   estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of

24   value" plaintiff owns.  Dckt. No. 3.  The November 9 order indicated that once plaintiff filed the

25   further affidavit, the court would resume consideration of plaintiff's application to proceed *in*

26   *forma pauperis*.

1

1    The November 9 order also noted that it is unclear from plaintiff's complaint what relief

2    plaintiff seeks or whether plaintiff is alleging a cognizable claim and that, in fact, plaintiff's

3    complaint is incomprehensible.  *Id.* at 2, n.1.  The order stated that "Pursuant to 28 U.S.C.

4    § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action

5    is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

6    relief against an immune defendant," but deferred ruling on those issues until after plaintiff's *in*

7    *forma pauperis* status under 28 U.S.C. § 1915(a) is determined.  *Id.*

8    On November 22, 2010, plaintiff filed what appeared to be an amended complaint, but

9    did not provide the information required by the November 9 order.  Dckt. No. 4.  Therefore, on

10   December 8, 2010, the undersigned once again directed plaintiff to provide that information.  *Id.*

11   On December 13 and 27, 2010, plaintiff filed affidavits purporting to comply with the

12   November 9 and 22 orders.  Dckt. Nos. 6, 7.  However, neither of those affidavits clarifies what,

13   if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any

14   other thing of value" plaintiff owns, nor do they clarify what monthly expenses plaintiff has.  In

15   other words, the court is *still* unable to determine whether plaintiff is able to pay or give security

16   for court costs and still be able to provide himself and his dependents with the necessities of life.

17   Plaintiff will be given one final attempt to provide the court with this information.  Plaintiff is

18   reminded that the court needs to know what income and/or assets plaintiff has available to him,

19   including the monetary value of any such assets, as well as what monthly expenses and/or

20   liabilities plaintiff has, in order to determine whether to grant plaintiff *in forma pauperis* status

21   and waive the $350.00 filing fee.

22   Additionally, although the undersigned previously stated that the court would defer ruling

23   on the substantive issues with his complaint and amended complaint until after plaintiff's *in*

24   *forma pauperis* status under 28 U.S.C. § 1915(a) is determined, because both plaintiff's

25   complaint and his amended complaint, Dckt. Nos. 1 and 4, appear to be frivolous and fail to state

26   a claim on which relief may be granted, those complaints will be dismissed.  *See* 28 U.S.C.

2

1  § 1915(e)(2) (directing the court to dismiss a case at any time if it determines, *inter alia*, that the

2  action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

3  monetary relief against an immune defendant).

4         Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

5  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

6  it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

7  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

8  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

9  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

10  a cause of action's elements will not do. Factual allegations must be enough to raise a right to

11  relief above the speculative level on the assumption that all of the complaint's allegations are

12  true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

13  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

14  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

15         In reviewing a complaint under this standard, the court must accept as true the allegations

16  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

17  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

18  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

19         Additionally, a *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the

20  Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain

21  statement of the claim showing that the pleader is entitled to relief, in order to give the defendant

22  fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

23  550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

24         Here, plaintiff's complaint and amended complaint must be dismissed because they do

25  not comply with Rule 8 and do not give the defendants fair notice of what the claims are or the

26  grounds upon which those claims rest. Additionally, although plaintiff's complaint and amended

3

complaint are very nearly incomprehensible, it appears that plaintiff is seeking to recover what he alleges was stolen property pursuant to various sections of Title 18 of the United States Code. He has labeled both his complaint and his amended complaint as "criminal" complaints. However, the statutes plaintiff purports to sue under create no private right of action for plaintiff, and plaintiff does not have the authority to file a criminal complaint herein.  Therefore, plaintiff's complaints will be dismissed.

Plaintiff will be granted leave to file a second amended complaint, but he is reminded that any such complaint must comply with Rule 8 and must correct the deficiencies addressed herein.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints). Plaintiff is informed that, should he file a second amended complaint, the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

The court also cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall file, within fourteen days of the date of this order, a further affidavit clarifying what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns *and* the value of any such assets that are

4

available to plaintiff, as well as what monthly expenses plaintiff has, so that the court can determine whether plaintiff can pay or give security for court costs and still be able to provide himself and his dependents with the necessities of life.

2.  Plaintiff's complaint and amended complaint, Dckt. Nos. 1 and 4, are dismissed.

3.  Plaintiff is granted thirty days from the date of this order to file a second amended complaint, as stated herein.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

4.  Failure to file a further affidavit regarding plaintiff's *in forma pauperis* status, as provided in this order, may result in a recommendation that plaintiff's application to proceed *in forma pauperis* be denied, and that plaintiff be given thirty days in which to pay the filing fee of $350.00.

5.  Failure to timely file a second amended complaint in accordance with this order may result in a recommendation this action be dismissed.

DATED:  January 5, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE