IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID GORDON CANTRELL,

    Plaintiff,

vs.

MARY LATTIMORE AND ASSOCIATES, et al.,

    Defendants.

No. CIV S-10-2725 MCE EFB PS

FINDINGS AND RECOMMENDATIONS

---

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1)

On October 7, 2010, plaintiff filed a complaint herein and requested authority under 28 U.S.C. § 1915 to proceed *in forma pauperis*. Dckt. No. 2. Although he submitted an affidavit purporting to demonstrate that he is unable to prepay fees and costs, his affidavit listed a variety of assets that plaintiff owns. Accordingly, on November 9, 2010, an order was issued informing plaintiff that his affidavit was insufficient to evaluate whether he is able to pay for court costs and still be able to provide for himself and his dependents the necessities of life. The order directed plaintiff to file a further affidavit clarifying what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns.

1

Dckt. No. 3. The November 9 order indicated that once plaintiff filed the further affidavit, the court would resume consideration of plaintiff's application to proceed *in forma pauperis*.

The November 9 order also noted that it is unclear from plaintiff's complaint what relief plaintiff seeks or whether plaintiff is alleging a cognizable claim and that, in fact, plaintiff's complaint is incomprehensible. *Id.* at 2, n.1. The order stated that "Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant," but deferred ruling on those issues until after plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(a) is determined. *Id.*

On November 22, 2010, plaintiff filed what appeared to be an amended complaint, but did not provide the financial information required by the November 9 order. Dckt. No. 4. Therefore, on December 8, 2010, the undersigned once again directed plaintiff to provide that information. *Id.*

On December 13 and 27, 2010, plaintiff filed affidavits purporting to comply with the November 9 and 22 orders. Dckt. Nos. 6, 7. However, neither of those supplemental affidavits clarified what, if any, "real estate, stocks, bonds, securities, other financial instruments, automobiles or any other thing of value" plaintiff owns, nor did they clarify what monthly expenses plaintiff has.

Therefore, on January 5, 2011, the court issued an order indicating that it "was *still* unable to determine whether plaintiff is able to pay or give security for court costs and still be able to provide himself and his dependents with the necessities of life," and providing plaintiff "one final attempt to provide the court with this information." Dckt. No. 8. Plaintiff was "reminded that the court needs to know what income and/or assets plaintiff has available to him, including the monetary value of any such assets, as well as what monthly expenses and/or liabilities plaintiff has, in order to determine whether to grant plaintiff *in forma pauperis* status and waive the $350.00 filing fee." *Id.*

Additionally, although the court had previously stated that it would defer ruling on the substantive issues with plaintiff's complaint and amended complaint until after plaintiff's *in forma pauperis* status under 28 U.S.C. § 1915(a) was determined, both plaintiff's complaint and his amended complaint, Dckt. Nos. 1 and 4, appeared to be frivolous and failed to state a claim on which relief may be granted. For that reason, those complaints were dismissed. *Id.* (citing 28 U.S.C. § 1915(e)(2)).

Plaintiff was reminded that "[a]lthough pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-63 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

As provided in the January 5 order, "[i]n reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Additionally, a pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp*.,

3

550 U.S. at 554, 562-63.

Plaintiff's complaint and amended complaint were dismissed for failure to comply with Rule 8 and for failure to provide the defendants fair notice of what the claims are or the grounds upon which those claims rest. The January 5 order further noted that:

> Additionally, although plaintiff's complaint and amended complaint are very nearly incomprehensible, it appears that plaintiff is seeking to recover what he alleges was stolen property pursuant to various sections of Title 18 of the United States Code. He has labeled both his complaint and his amended complaint as 'criminal' complaints. However, the statutes plaintiff purports to sue under create no private right of action for plaintiff, and plaintiff does not have the authority to file a criminal complaint herein.

Dckt. No. 8. Plaintiff was granted leave to file a second amended complaint, but was "reminded that any such complaint must comply with Rule 8 and must correct the deficiencies addressed herein." *Id.* (citing *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints)).

Finally, the January 5 order cautioned plaintiff "that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* Local Rule 110." *Id.*

The time for acting has passed and although plaintiff has filed a second amended complaint, *see* Dckt. No. 9, plaintiff has still failed to file a further affidavit providing the financial information necessary to support his request to proceed *in forma pauperis*. Additionally, plaintiff's second amended complaint does not correct the deficiencies outlined in the January 5 order. The second amended complaint is frivolous and fails to state a claim on which relief may be granted. It is, once again, nearly incomprehensible, does not comply with Rule 8, and does not provide the defendants with fair notice of what the claims are or the grounds upon which those claims rest. It is also once again labeled as a "criminal complaint," even though plaintiff has been admonished that he does not have the authority to file a criminal complaint herein.

4

1  Because plaintiff has failed to file a further affidavit in support of his request to proceed
2  *in forma pauperis* the undersigned will recommend that the request be denied. Further, it
3  appears that plaintiff is unable or unwilling to correct the deficiencies in his second amended
4  complaint. Because plaintiff has continued to fail to comply with court orders and has not cured
5  these deficiencies, the undersigned recommends that plaintiff's second amended complaint be
6  dismissed without further leave to amend.

7  Accordingly, it is hereby RECOMMENDED that:

8  1. Plaintiff's application for leave to proceed *in forma pauperis* be denied;

9  2. Plaintiff's second amended complaint, Dckt. No. 9, be dismissed without leave to
10  amend; and

11  3. The Clerk be directed to close this case.

12  These findings and recommendations are submitted to the United States District Judge
13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
14  after being served with these findings and recommendations, any party may file written
15  objections with the court and serve a copy on all parties. Such a document should be captioned
16  "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
17  within the specified time may waive the right to appeal the District Court's order. *Turner v.*
18  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
19  DATED: March 18, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE